## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| Shannon Frazier, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **No:** |
| v. | ) | |
| | ) | |
| Allianceone Receivables Management, | ) | |
| Inc. a Delaware Corporation; and | ) | |
| Unknown Debt Collection Agents, | ) | |
| Individually, and as agents, apparent | ) | |
| agents, servants, and/or employees of | ) | |
| Allianceone Receivables Management, | ) | |
| Inc., | ) | |
| | ) | **JURY DEMANDED** |
| Defendants. | ) | |

## COMPLAINT AT LAW

**NOW COMES Plaintiff**, **Shannon Frazier**, by his Attorneys, Robert J. Semrad & Associates, L.L.C., and pursuant to this Complaint at Law, states the following against the above named **Defendants**, to wit: **Allianceone Receivables Management, Inc.,** and **Unknown Debt Collection Agents**.

## JURISDICTION

1.      The jurisdiction of the court is invoked pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"). Venue is proper as the actions that give rise to this complaint occurred, **Plaintiff** resides, and **Defendants** conduct business within this District.

## PARTIES

2.      **Plaintiff** is a citizen of the County of Cook, State of Illinois, and is a "consumer" as that term is defined by 15 U.S.C. § 1692(a)(3).

3.      **Defendant**, **Allianceone Receivables Management, Inc.,** (hereinafter "**Allianceone**") is Delaware Corporation conducting business in the County of Cook, State of Illinois, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

4.      **Defendants, Unknown Debt Collection Agents**, are natural persons conducting business in the County of Cook, State of Illinois, and are each a "debt collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

5.      At all relevant times, **Unknown Debt Collection Agents** were the agents, apparent agents, servants, and/or employees of **Allianceone,** and each was acting in the course and scope of his or her agency, servitude and/or employment.

## FACTUAL ALLEGATIONS

6.      In 2010 and earlier, **Plaintiff** incurred a debt by making purchases with a Capital One credit card

7.      This debt was for personal use.

8.      This debt was a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

9.      On July 27, 2010, **Plaintiff** filed for Chapter 13 bankruptcy protection in the Northern District of Illinois.

10.     The debt to Capital One was listed in Schedule F of **Plaintiff's** bankruptcy petition.

11.     Notice of **Plaintiff's** bankruptcy was sent to Capital One by the Clerk of the Bankruptcy Court for the Northern District of Illinois on July 28, 2010.

12.     Beginning in June, 2010, **Unknown Debt Collection Agents**, contacted **Plaintiff** by telephone in an attempt to collect the debt.

13.     During a number of these telephone calls, **Unknown Debt Collection Agents** threatened to garnish **Plaintiff's** wages if he did not pay the debt.

14.     **Unknown Debt Collection Agents** had neither the ability, nor the intent to garnish **Plaintiff's** wages.

15.     During a number of these telephone calls, **Unknown Debt Collection Agents** used profanity.

16.     A number of these telephone calls occurred after **Plaintiff** filed for bankruptcy.

17.     **Plaintiff** informed **Unknown Debt Collection Agents** of his bankruptcy during the telephone calls that took place after **Plaintiff** filed bankruptcy.

2

18.     Nevertheless, **Unknown Debt Collection Agents** continued to call **Plaintiff** in an attempt to collect the debt despite notice of **Plaintiff's** bankruptcy.

19.     During the aforementioned telephone calls, **Unknown Debt Collection Agents** represented that they were calling on behalf of **Allianceone** in attempting to collect said debt.


**COUNT I**
**Plaintiff v. Allianceone and Unknown Debt Collection Agents**
**Fair Debt Collection Practices Act**

1-19.   **Plaintiff** restates and re-alleges paragraphs 1-19, as and for paragraphs 1-19 of Count I, as though fully set forth herein.

20.     The aforementioned telephone calls from **Unknown Debt Collection Agents,** to **Plaintiff,** were collection communications in violation of provisions of the FDCPA, as aforesaid.

21.     As a direct and proximate result of the aforementioned actions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional harm, physical harm.

22.     As a result of **Defendants'** violations of the FDCPA, **Plaintiff** is entitled to actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1); statutory damages in an amount up to $1,000.00 per incident pursuant to 15 U.S.C. § 1692(k)(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692(k)(a)(3) from **Defendants**.


        **WHEREFORE**, **Plaintiff** prays that judgment be entered

•       against **Defendant, Allianceone**, and **Defendants, Unknown Debt Collection Agents,** Individually, and as agents, apparent agents, servants, and/or employees of **Allianceone,** and each of them, and in favor of **Plaintiff,** for an award of actual damages pursuant to 15 U.S.C. § 1692(k)(a)(1);

•       against **Defendant, Allianceone**, and **Defendants, Unknown Debt Collection Agents,** Individually, and as agents, apparent agents, servants, and/or employees of **Allianceone,** and each of them, and in favor of **Plaintiff,** for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692(k)(a)(2)(A);

- against **Defendant, Allianceone**, and **Defendants, Unknown Debt Collection Agents,** Individually, and as agents, apparent agents, servants, and/or employees of **Allianceone,** and each of them, and in favor of **Plaintiff,** for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3); and;

- for any other such further relief as may be just and proper.

### COUNT II
### Plaintiff v. Allianceone
### <u>Negligence</u>

1-19.  **Plaintiff** restates and re-alleges paragraphs 1-19, as and for paragraphs 1-19 of Count II, as though fully set forth herein.

20.    At all times relevant, **Allianceone**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collection Agents**.

21.    At all times relevant, **Allianceone**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Unknown Debt Collection Agents**.

22.    At all times relevant, **Allianceone**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

23.    At all times relevant, **Allianceone** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

24.    Notwithstanding the aforesaid duty, **Allianceone**, by and through its agents, apparent agents, servants, and or employees breached their duty in one or more of the following ways:

    a.    Carelessly and negligently hired **Unknown Debt Collection Agents**;

    b.    Carelessly and negligently failed to properly train **Unknown Debt Collection Agents**;

    c.      Carelessly and negligently retained **Unknown Debt Collection Agents**; and

    d.      Carelessly and negligently, failed to properly supervise **Unknown Debt Collection Agents**.

25.    As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Debt Collection Agents** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

26.    As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, Allianceone**, and in favor of **Plaintiff**, for an award of actual damages;

- against **Defendant, Allianceone**, and in favor of **Plaintiff**, for an award of costs of suit; and

- for any other such further relief as may be just and proper.

### COUNT III
### Plaintiff v. Allianceone
### <u>Willful, Wanton Behavior</u>

1-19.  **Plaintiff** restates and re-alleges paragraphs 1-19 of the common counts, as and for paragraphs 1-19 of Count III, as though fully set forth herein.

20.    At all times relevant, **Allianceone**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were likely to violate provisions of the FDCPA when collecting debts from **Plaintiff** and others, at the time it hired **Unknown Debt Collection Agents**.

21.    At all times relevant, **Allianceone**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents** were

violating provisions of the FDCPA when collecting debts from **Plaintiff** and others, throughout the employ of **Unknown Debt Collection Agents**.

22.     At all times relevant, **Allianceone**, by and through its agents, servants, and/or employees, knew, or should have known, that **Unknown Debt Collection Agents**, required proper training in order to comply with the FDCPA and that without proper training were likely to violate the FDCPA.

23.     At all times relevant, **Allianceone** had a duty to exercise due care in the hiring, retention, training, and supervision of the debt collectors in its employ.

24.     Notwithstanding the aforesaid said duty, in conscious disregard to, and in utter disregard for the rights of those it was attempting to collect from, including **Plaintiff**, **Allianceone**, by and through its agents, apparent agents, servants, and or employees acted willfully and wantonly in one or more of the following ways:

a.      Willfully and wantonly hired **Unknown Debt Collection Agents**;

b.      Willfully and wantonly failed to properly train **Unknown Debt Collection Agents**;

c.      Willfully and wantonly retained **Unknown Debt Collection Agents**; and

d.      Willfully and wantonly failed to properly supervise **Unknown Debt Collection Agents**.

25.     As a direct and proximate result of the aforementioned actions and/or omissions, **Unknown Debt Collection Agents** violated the FDCPA as aforesaid while attempting to collect a debt from **Plaintiff**.

26.     As a direct and proximate result of the aforementioned actions and/or omissions, **Plaintiff** suffered injuries of a personal and pecuniary nature including, but not limited to: anxiety, embarrassment, and emotional and physical harm.

**WHEREFORE**, **Plaintiff** prays that judgment be entered:

- against **Defendant, Allianceone**, and in favor of **Plaintiff**, for an award of actual damages;

- against **Defendant, Allianceone**, and in favor of **Plaintiff**, for an award of punitive damages;

- against **Defendant, Allianceone**, and in favor of **Plaintiff**, for an award of costs of suit; and
- for any other such further relief as may be just and proper.

### COUNT IV
### Plaintiff v. Allianceone
### Violation of 11 U.S.C. § 362

1-19.  **Plaintiff** restates and re-alleges paragraphs 1-19 of the common counts, as and for paragraphs 1-19 of Count IV, as though fully set forth herein.

20.  Upon filing his bankruptcy petition on July 27. 2010, the automatic stay went into effect, pursuant to 11 U.S.C. § 362.

21.  **Plaintiff's** oral notice of his bankruptcy to **Unknown Debt Collection Agents**, constituted sufficient notice of his bankruptcy.

22.  Despite repeated oral notice of his bankruptcy, **Unknown Debt Collection Agents** continued to call **Plaintiff** in an attempt to collect the debt.

23.  Said attempts were willful violations of the automatic stay as they were made with knowledge of the bankruptcy.

24.  **Plaintiff** is entitled to actual damages, including attorney's fees, and punitive damages, for said willful violation of the automatic stay, pursuant to 11 U.S.C. § 362(k).

**WHEREFORE**, **Plaintiff** prays that judgment be entered against **Allianceone** and in favor of **Plaintiff**:

a.  for an award of actual damages, pursuant to 11 U.S.C. § 362(k);

b.  for an award of attorney's fees, pursuant to 11 U.S.C. § 362(k);

c.  for an award of punitive damages, pursuant to 11 U.S.C. § 362(k); and

d.  for any other such further relief as may be just and proper.

Respectfully Submitted,

/s/ Christian D. Elenbaas
Christian D. Elenbaas
ARDC 6291530

Robert J. Semrad & Associates, L.L.C.
*Attorneys for Plaintiff*
20 S. Clark St., 28th Floor
Chicago, Illinois 60603
Ph 312-913-0625 ext. 170
Fax 312-476-8530